MARTIN et al. v. WALSENBURG FUEL CO.

(District Court, D. Colorado. September 3, 1912.)

No. 5,882.

MINES AND MINERALS (§ 70*)—MINING LEASE—ACTION FOR BREACH—COMPLAINT.

In an action on a lease of coal land, which required defendant to mine the coal contained in a vein, unless prevented by fire, explosion, or other unavoidable casualty, plaintiff is not required to allege that the vein has not been exhausted, or that its working was not prevented by fire, explosion, or other unavoidable casualty; such conditions, if existing, being matters of defense.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 192–197; Dec. Dig. § 70.*]

At Law. Action by Clara Martin and Alexander Levy against the Walsenburg Fuel Company. On demurrer to complaint. Overruled.

Thomas, Bryant, Nye & Malburn, of Denver, Colo., for complainants.

Brandenburg & Brandenburg, of Denver, Colo., for defendant.

POPE, District Judge. The ground upon which the demurrer proceeds is that the complaint fails to allege certain matters pro-

vided for in the lease, embodied in full in the complaint, and which it is claimed are necessary to a complete cause of action by the plaintiff. It is urged that the complaint, to be complete, should set forth that the Robinson vein of coal has not been exhausted, and it is further claimed that the complaint should disclose that the mining of coal from the demised premises has not been "prevented by fire, explosion, or other unavoidable casualty."

The first of these provisions is contained in the habendum clause of the lease, and also in the fourth paragraph thereof, and the second provision is contained in the fourth paragraph. The controlling question is whether these are matters necessarily alleged in the complaint, or whether they are defensive in their character, and thus must be set up by the defendant. This, in turn, is controlled by the question of whether they be construed provisos or simply exceptions. The distinction between these two is stated by Judge Hoar with characteristic clearness and brevity in Sohier v. Norwich Fire Insurance Co., 11 Allen (Mass.) 336, 338, in the following language:

> "The first question raised by the bill of exceptions is whether the burden of proof was on the plaintiff to show a loss by fire which did not originate within the theater proper. This depends upon the construction given to the clause. 'This policy not to cover any loss or damage by fire which may originate in the theater proper.' If that clause can be regarded as a proviso, that is, a stipulation added to the principal contract to avoid the defendants' promise by way of defeasance or excuse, then it is for the defendants to plead it in defense, and support it by evidence. But if, on the other hand, it is an exception, so that the promise is only to perform what remains after the part excepted is taken away, then the plaintiff must negative the exception to establish a cause of action."

Whether a given provision constitutes a proviso or an exception is, as stated in the case just quoted from, often a close question. It is not absolutely controlled by mere punctuation, nor by the form of the language and its physical connection with the rest of the instrument. In this case a careful reading of the instrument leads to the conclusion that both of these matters are defensive. The instrument evidences a belief on the part of the parties that the vein in question contains coal, and the possession is given to the defendant upon that assumption. If as a matter of fact the vein has failed, that would seem to be, upon the pleading, a matter for the defendant to allege, as, upon the proofs, it is a matter within its knowledge as the lessee of the property. Similar considerations constrain to the view that, if there has been any casualty, such as fire or explosion, that is a matter not to be negatived by the complaint, but to be asserted in the answer. The following cases, cited by plaintiff, impress me as sustaining in principle the conclusion there reached: Cook v. Andrews et al., 36 Ohio St. 174; Wilson v. Beach Creek Co., 161 Pa. 499, 29 Atl. 100; McDowell v. Hendrix, 67 Ind. 513; Williams v. Phiel, 60 Fla. 272, 53 South. 638.

An order will be entered overruling the demurrer.